Trent M. Gardner (I.D. # 7477)
Jeffrey J. Tierney (I.D. # 12989)
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT  59771-6580
Phone: (406) 587-0618
Fax:     (406) 587-5144
Email:  tgardner@goetzlawfirm.com
         jtierney@goetzlawfirm.com

Joseph V. Womack (I.D. # 2641)
**WALLER & WOMACK, P.C.**
Suite 805 First Bank Building
303 North Broadway
Billings, Montana 59101
Telephone:  (406) 252-7200
Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com

Attorneys for Joseph V. Womack, Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JOHN HENRY SCHNEIDER**,<br><br>      Debtor. | Case No. 14-61357 |
| **JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF JOHN HENRY SCHNEIDER,**<br><br>      Plaintiff,<br><br> v.<br><br>**SCHNEIDER LIMITED PARTNERSHIP, et al.;**<br><br>      Defendants. | Adversary No. 15-00015<br><br>RESPONSE TO DEBTOR'S MOTION TO REQUIRE PARTIES TO SUPPLY INITIAL DISCLOSURES; AND TO STAY DISCOVERY PENDING SUCH DISCLOSURES<br><br>NOTICE OF HEARING<br>Date: Tuesday, September 29, 2015<br>Time: 9:00 a.m.<br>Location:  2601 Second Avenue North<br>             Billings, MT |

Joseph V. Womack, Chapter 7 Trustee for the Bankruptcy Estate of John Henry Schneider, through counsel, hereby responds to Defendant John Schneider's ("Debtor") Motion to Require Parties to Supply Initial Disclosures; and to Stay Discovery Pending Such Disclosures (Doc. 23).  The Trustee takes no position on the request for initial disclosures.  However, the Trustee objects to any stay of discovery for the reasons stated below.

The Trustee filed the Complaint in this matter on May 22, 2015.  Thereafter, he accomplished service on the various parties in late May, 2015 and early June, 2015.  *See* Docs. 3 through 14.  Along with the Complaint, Trustee also served Plaintiffs' First Written Discovery Requests to John Henry Schneider on Debtor's counsel on June 1, 2015.  *See* Exhibit 1, hereto.

Thereafter, Debtor's counsel requested various extensions, which Trustee's counsel accommodated.  In early August, Debtor's counsel, along with counsel for various other parties, requested yet another extension to answer the Complaint.  On August 7, 2015, the undersigned responded to Debtor's counsel, and other counsel, granting an extension until September 4, 2015, in which to answer the Complaint.  *See* Gardner email, August 7, 2015 (Exhibit 2, hereto).  However, this extension was expressly conditioned upon all parties answering the discovery which had been served on them with the Complaint, and which was now past due, at the same time they answered the Complaint.[1]  *Id.*

---

[1] Trustee's counsel did subsequently grant an additional extension to respond to the discovery requests up to September 21, 2015.

Trustee's counsel made clear in the email that he was trying to be accommodating, but that this case needed to be moved forward and that the extension to answer was expressly conditioned upon receiving answers to the discovery in a timely manner.

Debtor's counsel accepted and took advantage of that extension, agreeing to its terms. However, now, Debtor seeks to delay any discovery, yet again. However, Debtor has provided no basis in law as to why discovery should be stayed in this matter and why there should be further delay. Indeed, early discovery is appropriate under this Court's Local Rules: "Pursuant to the authorization of Fed. R. Civ. P. 26(d), as incorporated in F.R.B.P. 7026, this Court through this rule and by other appropriate order directs that discovery may be commenced after the complaint is filed, without leave of Court." *See* Local Rule 7016-1(b)(4).

Further, Debtor has provided no excuse for now violating the terms of the agreement by which he was granted an extension until September 4, 2015 in which to answer the Complaint.

For these reasons, Debtor's request to stay discovery should be denied. As to the issue of initial disclosures, Trustee does not believe they are necessary but takes no position on that request.

DATED this 4th day of September, 2015.

                                        GOETZ, BALDWIN & GEDDES, P.C.

                                        By: */s/Trent M. Gardner*
                                        Trent M. Gardner/Jeffrey J. Tierney
                                        Attorneys for Trustee Joseph V. Womack

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies under penalty of perjury that on September 4th, 2015, a copy of the foregoing pleading was served (i) by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail on the following parties: none.

                                   */s/Trent M. Gardner*
                                    Trent M. Gardner
                                    Attorneys for Trustee Joseph V. Womack