Trent M. Gardner (I.D. # 7477)
Jeffrey J. Tierney (I.D. # 12989)
**GOETZ, BALDWIN & GEDDES, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT  59771-6580
Phone: (406) 587-0618
Fax:   (406) 587-5144
Email:  tgardner@goetzlawfirm.com
         jtierney@goetzlawfirm.com

Joseph V. Womack (I.D. # 2641)
**WALLER & WOMACK, P.C.**
Suite 805 First Bank Building
303 North Broadway
Billings, Montana 59101
Telephone:  (406) 252-7200
Facsimile: (406) 252-4266
Email: jwomack@jvwlaw.com

Attorneys for Joseph V. Womack, Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JOHN HENRY SCHNEIDER**,<br><br>         Debtor. | Case No. 14-61357 |
| **JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF JOHN HENRY SCHNEIDER,**<br><br>         Plaintiff,<br><br> v.<br><br>**SCHNEIDER LIMITED PARTNERSHIP; et al.**<br><br>         Defendants. | Adversary No. 15-00015<br><br>RESPONSE IN OPPOSITION TO MOTION TO DISMISS<br><br>NOTICE OF HEARING<br>Date:  Tuesday, September 29, 2015<br>Time:  9:00 a.m.<br>Location:  Bighorn Courtroom<br>             2601 Second Avenue North<br>             Billings, MT |

Joseph V. Womack, Chapter 7 Trustee for the Bankruptcy Estate of John Henry Schneider, responds in opposition to the *Motion to Dismiss* (Doc. 24) of Defendant BSC, LLC, brought by its manager John Henry Schneider (hereinafter "BSC").

## ARGUMENT

I.     STANDARDS:

BSC's motion does not cite the procedural rule upon which it relies, but it appears to contend that the Trustee has asserted claims upon which no relief can be granted, which would entitle it to dismissal under Fed. R. Civ. P. 12(b)(6) and Fed. R. Bank. P. 7012(b). On such a motion, the Court must "construe the complaint in the light most favorable to the plaintiff, and must accept all well-pleaded factual allegations as true." *In re Belice*, 461 B.R. 564, 573 (9th Cir. BAP 2011) (citing *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1122 (9th Cir. 2008)).

II.     THE MOTION TO DISMISS SHOULD BE DENIED.

BSC seeks dismissal on two grounds: (A) because BSC was dissolved in 2011, and (B) because any claims against BSC are allegedly time-barred. Both arguments are without merit.

    A.     Dissolution does not affect BSC's capacity to be sued.

BSC contends that dismissal is appropriate because, following its dissolution, it "lacks any legal existence or capacity to be sued." Doc. 24 at 2. That is false. Under Wyoming law, "[d]issolution of a corporation does not . . . [p]revent commencement of a proceeding by or against the corporation in its corporate name."

Wyo. Stat. Ann. § 17-16-1405; *see also Catamount Const. v. Timmis Enter.*, 2008 WY 122, 193 P.3d 1153 ("under Wyoming law, a dissolved corporation may sue and be sued."). BSC's un-cited claim that it lacks the legal capacity to be sued is incorrect, and the dissolution of BSC is not grounds for dismissal.

### B. The Trustee's fraudulent transfer claim is not time-barred.

BSC further contends that the Trustee's fraudulent transfer claim is time-barred by the four year statute of limitations set forth at Wyo. Stat. Ann. § 34-14-210.[1] BSC is again mistaken.

A claim for relief which a bankruptcy trustee is entitled to assert on behalf of the estate is tolled for "two years after the order for relief." 11 U.S.C. § 108(a)(2). In a voluntary bankruptcy, the bankruptcy petition constitutes an order for relief. 11 U.S.C. § 301. Therefore, if a bankruptcy petition is filed before the potential claim expires, the trustee is afforded an additional two years after that filing to assert the claim.

---

[1] BSC characterizes § 34-14-210 as a statute of repose, but it is more appropriately termed a statute of limitations. *See Baker v. Speaks*, 2014 WY 117, ¶ 8, 334 P.3d 1215 (characterizing it as a statute of limitations). The statute defines the claims window in terms of a period of time following the occurrence of an injury, which is not latent such that it is distinct from the occurrence of the transfer itself. *See Worden v. Village Homes*, 821 P.2d 1291, 1295 (Wyo. 1991) (distinguishing statutes of limitation and repose, which are "often confused"). The statute also incorporates equitable tolling provisions based on the timing of the discovery of the injury. *See* Wyo. Stat. Ann. § 34-14-210(a)(i). That would be atypical of a statute of repose, which is usually triggered irrespective of the potential claimant's knowledge of the injury. *Worden*, 821 P.2d at 1295. This distinction is somewhat academic in this case, however, because the Trustee need not rely on equitable tolling provisions to salvage the claim. Rather, the claim against BSC is indisputably timely based on statutory tolling provisions applicable to all claims asserted by bankruptcy trustees on behalf of the estate.

The Trustee's *Complaint* alleges that BSC was party to a fraudulent transfer of the Whispering Winds Ranch on February 4, 2011, Doc. 1, ¶ 29, a well-pleaded fact that must be taken as true for the purposes of BSC's motion. Under Wyo. Stat. Ann. § 34-14-210, any fraudulent transfer claims related to that transaction were required to have been made within four years (on or before February 4, 2015), **or**, if the bankruptcy petition was filed before that date, within two years of the petition date pursuant to 11 U.S.C. § 108(a)(2). Debtor did file bankruptcy within that period, on December 4, 2014. The Trustee was therefore afforded an additional two years, <u>until December 4, 2016</u>, to assert the fraudulent transfer claim against BSC. The Trustee's *Complaint* asserting that claim was timely filed on May 22, 2015. *See* Doc. 1.

The claim is not time-barred.

## CONCLUSION

BSC's arguments are meritless. BSC maintains the legal capacity to be sued, notwithstanding dissolution, under Wyo. Stat. Ann. § 17-16-1405. The Trustee's suit against BSC is timely under Wyo. Stat. Ann. § 34-14-210, as modified by the tolling provisions of 11 U.S.C. § 108(a)(2), based on Debtor's voluntary bankruptcy filing within the original limitations period. BSC's motion should be denied.

DATED this 15th day of September, 2015.

            GOETZ, BALDWIN & GEDDES, P.C.

            By: */s/Trent M. Gardner*
            Trent M. Gardner/Jeffrey J. Tierney
            Attorneys for Trustee Joseph V. Womack

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that on September 15, 2015, a copy of the foregoing pleading was served (i) by electronic means pursuant to LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or (ii) by mail on the following parties:  None.

*/s/Trent M. Gardner*
Trent M. Gardner
Attorneys for Trustee Joseph V. Womack