Jason T. Holden, Esq. (I.D. #6014)
Katie R. Ranta, Esq. (I.D. #9609)
FAURE HOLDEN ATTORNEYS AT LAW, P.C.
1314 Central Avenue
P. O. Box 2466
Great Falls, MT 59403-2466
Telephone: (406) 452-6500
Facsimile: (406) 452-6503
jholden@faureholden.com
kranta@faureholden.com

Attorneys for Defendant MedPort, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| In Re | Case No. 14-61357 |
| JOHN HENRY SCHNEIDER, | Adversary No.15-00015 |
| Debtor. | |
| JOSEPH V. WOMACK, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF JOHN HENRY SCHNEIDER, | **DEFENDANT MEDPORT, LLC'S BRIEF IN SUPPORT OF MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING** |
| Plaintiff, | |
| v. | |
| SCHNEIDER LIMITED PARTNERSHIP; SCHNEIDER MANAGEMENT, LLC; MEDPORT, LLC; BSC, LLC; JOHN HENRY SCHNEIDER; MICHELLE R. SCHNEIDER; KATHLEEN T. BURROWS; MICHELLE R. SCHNEIDER, AS TRUSTEE OF THE | |

1

BRANDON SCHNEIDER BENEFIT
TRUST, DATED MARCH 30, 2012;
MICHELLE R. SCHNEIDER, AS
TRUSTEE OF THE SHANNON
SCHNEIDER BENEFIT TRUST,
DATED MARCH 30, 2012;
MICHELLE R. SCHNEIDER, AS
TRUSTEE OF THE CAITLIN
SCHNEIDER BENEFIT TRUST,
DATED MARCH 30, 2012; JOHN
SCHNEIDER, AS TRUSTEE OF THE
JOHN SCHNEIDER REVOCABLE
TRUST, DATED NOVEMBER 20,
2007; MICHELLE R. SCHNEIDER,
AS TRUSTEE OF THE MICHELLE
SCHNEIDER REVOCABLE TRUST,
DATED NOVEMBER 20, 2007; JOHN
DOES 1–10; and XYZ CORPS. 1–10;

                Defendants.

**I.    INTRODUCTION**

      Defendant, MedPort, LLC ("MedPort"), by and through its counsel of record, Faure Holden Attorneys at Law, P.C., respectfully submits this Brief in Support of its Motion to Withdraw Reference of Adversary Proceeding. Pursuant to Fed. R. Bankr. P. 5001(a) and Local Bankruptcy Rule 5011-1, this motion must be submitted to and heard by the District Court.

**II.    RELEVANT FACTUAL BACKGROUND**

      On July 14, 2015, Plaintiff filed his First Amended Complaint against MedPort

2

and other parties who join in this motion.[1] The First Amended Complaint alleges that MedPort was involved in "a complex fraudulent scheme" to hide the personal assets of Debtor John Henry Schneider ("Debtor") or otherwise deprive Debtor's creditors of his personal assets. *First Amended Complaint, attached as* **Exhibit A**. Against MedPort, Plaintiff alleges the following claims:

1. Substantive Consolidation (Count I);
2. Reverse Piercing/Alter Ego (Count II);
3. Fraudulent Transfer regarding a loan to MedPort (Count IV);
4. Fraudulent and Preferential Transfer regarding (Count V); and
5. Preliminary Injunction (Count XVII).

Plaintiff seeks a judgment setting aside the alleged fraudulent transfers and a money judgment against MedPort for the alleged fraudulent transfers. Plaintiff also seeks an injunction prohibiting MedPort "from transferring, concealing, encumbering or otherwise dissipating" any of its assets.

MedPort filed its Answer on September 4, 2015, denying Plaintiff's claims. *MedPort's Answer, attached as* **Exhibit B**. MedPort demanded a jury trial and alleged that the Bankruptcy Court lacked the authority and jurisdiction to conduct a jury trial. *Exhibit B at ¶ 12; Second and Fifteenth Defenses*. MedPort did not, and

---

[1] John Henry Schneider, John Schneider, as Trustee of the John Schneider Revocable Trust, BSC, LLC, Michelle R. Schneider, Individually, and as Trustee for the Brandon Schneider Benefit Trust, as Trustee of the Shannon Schneider Benefit Trust, as Trustee of the Caitlin Schneider Benefit Trust, as Trustee of the Michelle Schneider Revocable Trust, Schneider Limited Partnership and Schneider Management, LLC all join in this motion.

3

does not, consent to the Bankruptcy Court conducting a jury trial or entering judgment in this matter. *Id*. MedPort also does not consent to the Bankruptcy Court conducting any hearing on a temporary restraining order. *Id*. MedPort is not a creditor of Debtor's bankruptcy estate, nor has it filed a claim against Debtor's bankruptcy estate.

### III.  ARGUMENT AND ANALYSIS

United States District Courts have original, non-exclusive subject matter jurisdiction in bankruptcy cases pursuant to 28 U.S.C. § 1334(a) and (b). District Court jurisdiction extends to all civil proceedings "arising under" and "arising in or related to" a bankruptcy case under Title 11. 28 U.S.C. § 1334(b). 28 U.S.C. § 157(a) grants the District Court authority to refer all bankruptcy cases, as well as proceedings arising in or related to a bankruptcy case under Title 11, to the Bankruptcy Court. In the District of Montana, "all proceedings arising under Title 11 or arising in or related to cases under Title 11" are automatically referred to the Bankruptcy Court by Standing Order No. 12 (Revised), dated December 9, 2009.

Withdrawal of the reference of an adversary proceeding from bankruptcy court is governed by 28 U.S.C. § 157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely

> motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

This section allows the Court to withdraw its reference of a case or proceeding in whole or in part for "cause shown." *See also Wellness Int'l Network, Ltd. v. Sharif*, __ U.S. __, 135 S. Ct. 1932, 1939 (2015)(the district court may withdraw the reference, on its own motion or on a party's timely motion, for cause shown.").

"'In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *Ormsby v. First Am. Title Co. of Nev.*, 591 F.3d 1199, 1207-1208 (9th Cir.2010) *citing Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997)(affirming a withdrawal based on judicial economy); *see also In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002).

The Bankruptcy Court cannot issue final judgments on non-core claims. 28 U.S.C. § 157(c). The Bankruptcy Court also cannot issue final judgments on core, common-law or state-law claims. *Stern v. Marshall*, 564 U.S. 2, 131 S. Ct. 2594 (2011); *Blixseth v. Brown*, 470 B.R. 562, 570 (D. Mont. 2012). Fraudulent conveyance claims "cannot be adjudicated by non-Article III judges." *Exec. Benefits*

5

*Ins. Agency v. Arkison*, 702 F.3d 553, 561 (9th Cir. 2012,) *affirmed by Exec. Bens. Ins. Agency v. Arkison*, __ U.S. __, 134 S. Ct. 2165 (2014)(affirming and stating *Stern* fraudulent conveyance claims could not be classified as "core" proceedings). Likewise, preferential transfer claims involving non-creditors of the bankruptcy estate can only be decided by an Article III court. *Id*. at 564. MedPort has not given, and will not give, its consent for the Bankruptcy Court to enter final judgments in these matters. *See Wellness Int'l*, 135 S. Ct. at 1948 (bankruptcy court may only hear *Stern* claims submitted by knowing and voluntary consent.).

Further, MedPort is entitled to a jury trial on the Plaintiff's claims against it. Defendants in fraudulent conveyance claims made by the trustee, such as MedPort here, have a Seventh Amendment right to a jury trial. *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 64-65 (1989). A request for a money judgment, which the Plaintiff seeks here, is a "classic legal remedy" for which MedPort is entitled to a jury trial. *Crum v. Blixseth*, 2010 Bankr. LEXIS 372, * 17 (Bankr. D. Mont., Feb. 2, 2010); *see also Granfinanciera*, 492 U.S. at 47; *Dairy Queen Inc. v. Wood*, 369 U.S. 469, 476 (1962).

The Ninth Circuit Court of Appeals has specifically held that bankruptcy courts cannot preside over jury trials in non-core proceedings. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990). The Fourth, Fifth, Sixth, Seventh, Eighth, and

6

Tenth Circuits[2] have held that bankruptcy courts cannot conduct jury trials in core proceedings. *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 127-28 (4th Cir. 1993)("bankruptcy judges are not authorized to conduct jury trials; where the Seventh Amendment provides the right to a jury trial in a core proceeding in bankruptcy, it must take place in the district court."); *In re Clay*, 35 F.3d 190, 194 (5th Cir. 1994)(bankruptcy court cannot preside over jury trial in fraudulent and/or preferential transfer case; reference withdrawn); *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1173 (6th Cir. 1992)(there is no statutory or other authority authorizing bankruptcy courts to conduct jury trials); *In re Grabill*, 967 F.2d 1152, 1161, *reh'g. on banc denied*, 976 F.2d 1126 (7th Cir. 1992)("the Bankruptcy Code ... does not authorize bankruptcy judges to conduct jury trials. Where a jury trial is required by the Seventh Amendment, that trial must be held in the district court, sitting in its original jurisdiction in bankruptcy."); *In re United Missouri Bank, N.A.*, 901 F.2d 1449, 1451 (8th Cir. 1990)("no statutory authorization afforded bankruptcy judges or courts to conduct jury trials on legal proceedings."); *In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990) ("bankruptcy judges lack the power to

---

[2] Only one Circuit Court has found that a bankruptcy court may conduct jury trials in core proceedings. *See, e.g., In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir. 1990), *judgment vacated on other grounds*, 498 U.S. 964, 111 S. Ct. 425, 112 L. Ed. 2d 408 (1990) *and opinion reinstated*, 924 F.2d 36 (2d Cir. 1991).

7

conduct jury trials"), *overruled in part on other grounds by Connecticut National Bank v. Germain*, 503 U.S. 249 (1992). The Bankruptcy Court for the District of Montana has also determined it cannot conduct jury trials absent consent of the parties. *Crum*, 2010 Bankr. LEXIS 372, * 17; *see also* 28 U.S.C. § 157(e); Local Bankruptcy Rule 9015-1.

MedPort has shown cause to withdraw the reference to the Bankruptcy Court. *In re Cinematronics*, 916 F.2d at 1451 (refusal to withdraw the reference when a defendant was entitled to a jury trial is an abuse of discretion); *In re Transcon Lines*, 121 B.R. 837 (C.D. Cal., Dec. 11, 1990)(because bankruptcy court could not conduct jury trial, reference was withdrawn and case assigned to district court judge.). Whether the claims against MedPort are core or non-core, the Bankruptcy Court cannot issue final judgments on them. 28 U.S.C. § 157(c); *Stern v. Marshall*, 564 U.S. 2, 131 S. Ct. 2594 (2011); *Blixseth*, 470 B.R. at 570. MedPort is facing legal claims made by the Plaintiff. MedPort undoubtedly has the right to a jury trial on these claims. *Granfinanciera*, 492 U.S. at 64-65; *Crum v*, 2010 Bankr. LEXIS at 372, * 17 ; *Dairy Queen*, 369 U.S. at 476. MedPort has not consented, and will not consent, to the Bankruptcy Court adjudicating these claims. Therefore, cause exists to withdraw the reference of this adversary proceeding.

Further, litigation before the bankruptcy court would not be cost effective for

MedPort or the Trustee. Rather than have the District Court simply decide the legal matters, MedPort, a non-creditor with no claims against Debtor, will have to litigate the legal claims against it twice - once before the Bankruptcy Court and once again before this Court because review of the findings and recommendations of the Bankruptcy Court are *de novo*. 28 U.S.C. § 157(c). The Trustee is faced with the same issue. Withdrawing the reference would also serve judicial economy, as two courts would not have to consider the same issues. *Pac. Int'l Grout Co. v. Pac. Int'l Grout Co.*, 2012 U.S. Dist. LEXIS 71326 (W.D. Wash, May 21, 2012)(reference withdrawn because district court would conduct *de novo* review in any event; judicial efficiency and cost to the parties favored a single proceeding in district court.

**IV.     CONCLUSION**

Based upon the foregoing, and pursuant to 28 U.S.C. § 157(d), this Court should withdraw the reference of this adversary proceeding and hear this matter in the District Court.

DATED this 5th day of October, 2015.

FAURE HOLDEN ATTORNEYS AT LAW, P.C.

BY: /s/ Jason T. Holden
Jason T. Holden

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this brief is printed in 14 point Times New Roman font; is double spaced; and the word count calculated by Microsoft Word Perfect is 1,752 words, excluding the caption, Certificate of Service, and Certificate of Compliance.

DATED this 5th day of October, 2015.

> FAURE HOLDEN ATTORNEYS AT LAW, P.C.
>
> BY: /s/ Jason T. Holden
>      Jason T. Holden

## **CERTIFICATE OF SERVICE**

This is to certify that on the 5th day of October, 2015, a copy of the foregoing document was served upon the individual or individuals whose names and addresses appear below by U.S. Mail:

Trent M. Gardner
Jeffrey J. Tierney
GOETZ, BALDWIN & GEDDES, P.C.
P.O. Box 6580
Bozeman, MT 59771-6580

Joseph V. Womack
WALLER & WOMACK, P.C.
303 North Broadway, Ste. 805
Billings, Montana 59101

Harold V. Dye
Dye & Moe, P.L.L.P.
120 Hickory Street, Ste. B
Missoula, MT 59801
Attorney for John Henry Schneider, John Schneider, as Trustee of the John Schneider Revocable Trust, and BSC, LLC

Mark D. Parker
PARKER, HEITZ & COSGROVE, PLLC
P.O. Box 7212
Attorney for Michelle R. Schneider, Individually, and as Trustee for the Brandon Schneider Benefit Trust, as Trustee of the Shannon Schneider Benefit Trust, as Trustee of the Caitlin Schneider Benefit Trust, as Trustee of the Michelle Schneider Revocable Trust, Schneider Limited Partnership and Schneider Management, LLC

/s/ Jason T. Holden
Jason T. Holden